**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0602-19T3

APRILE GREENIDGE,

    Plaintiff-Appellant,

v.

HUSSEIN M. MAREY,

    Defendant,

 and

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

    Defendant-Respondent.

_____

        Argued October 26, 2020 – Decided November 16, 2020

        Before Judges Fasciale and Mayer.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4883-17.

        Thomas Kim argued the cause for appellant (Koulikourdis and Associates, attorneys; Thomas Kim, on the briefs).

Gregory E. Peterson argued the cause for respondent (Dyer & Peterson, P.C., attorneys; Gregory E. Peterson, on the brief).

PER CURIAM

This case involves litigation commencing after the settlement of a personal injury lawsuit. Plaintiff appeals from a September 27, 2019 order granting defendant New Jersey Manufacturers Insurance Company's (NJM) motion for reconsideration and dismissing her complaint with prejudice. Defendant failed to make a proper motion to dismiss the complaint for failure to state a claim—as the Rules of Court require—and cannot do so informally in a brief supporting a motion for reconsideration; the judge failed to state findings of fact or conclusions of law; and plaintiff was not given the opportunity for oral argument. We therefore reverse and remand to allow defendant to file a motion anew.

In May 2013, plaintiff was injured in a car accident. After she settled her personal injury suit against the tortfeasor, plaintiff was then obligated to satisfy a medical lien asserted by her health insurer, Anthem Blue Cross Blue Shield (Anthem), because she had selected Anthem as the primary option for her Personal Injury Protection (PIP) benefits. As part of the settlement, the court dismissed the personal injury complaint against the tortfeasor but permitted

A-0602-19T3

plaintiff to file a complaint against NJM—her PIP carrier. The parties consented to PIP arbitration, settled, and the court entered an order on May 24, 2017 dismissing the matter without prejudice.

Plaintiff then filed this complaint against NJM in July 2017, asserting claims for breach of contract, negligence, and gross negligence. In her four-count complaint, plaintiff alleged that NJM erroneously allowed her to select Anthem as the primary option for PIP benefits; NJM failed to timely notify her of this purported improper selection; and that NJM failed to reimburse Anthem for the medical expenses Anthem had paid related to her car-accident injuries. In September 2017, NJM moved to dismiss the complaint for failure to state a claim but withdrew that motion once the parties agreed to dismiss the complaint without prejudice and proceed to PIP arbitration. In March 2017, the PIP arbitrator reported that although plaintiff selected Anthem as her primary option for PIP coverage, "NJM converted the [PIP] policy to . . . Primary on [April 23, 2015,] which made [NJM responsible for] all [motor vehicle accident] related bills dating back to the date of loss [May 12, 2013.]" In May 2019, plaintiff filed a motion to restore her complaint against NJM—particularly her breach of

A-0602-19T3

contract and gross negligence claims—because it sought relief beyond the scope of the PIP arbitration.[1]

In May 2019, the court granted plaintiff's motion—as unopposed—and restored the complaint, permitted discovery, and set a discovery end date. In June 2019, NJM filed a motion for reconsideration arguing that it never received the motion to restore. As part of the reconsideration motion, and without filing a motion under Rule 4:6-2(e), NJM argued the complaint should be dismissed as a matter of law. NJM contended that plaintiff failed to state a claim upon which relief could be granted based on statute of limitations and statutory immunity grounds and asserted affirmative defenses of estoppel and waiver. On September 27, 2019, the judge entered the order under review granting NJM's motion for reconsideration on the papers, vacating the May 24, 2019 order and—without an accompanying motion under Rule 4:6-2(e)—dismissed the complaint with prejudice. In the September 27, 2019 order, the judge explained that NJM's motion is granted "essentially for the reasons set forth in the moving papers," without oral argument or a transcript made available for review.

---

[1] Plaintiff originally filed a motion to restore her complaint on September 7, 2018. The court denied plaintiff's motion pending arbitration. A separate motion to restore her complaint as to NJM only was filed on May 3, 2019, seeking identical relief as the original September 7, 2018 motion.

On appeal, plaintiff raises the following points for this court's consideration:

POINT I

THE RELIEF GRANTED IN THE [JUDGE'S] ORDER OF SEPTEMBER 27, 2019 WAS A JUDICIAL OVERREACH BECAUSE IT EXCEEDED THE SCOPE OF RELIEF PERMITTED FOR A MOTION FOR RECONSIDERATION. (Raised Below).

POINT II

THE [JUDGE] ABUSED [HER] DISCRETION BECAUSE THE [PLAINTIFF'S] COMPLAINT WAS DISMISSED WITH PREJUDICE, SUA SPONTE WITHOUT ANY RATIONAL EXPLANATION, AND NOTHING IN THE PREVIOUS ORDERS PRECLUDED THE [PLAINTIFF'S] RIGHT TO REINSTATE THE ORIGINAL CLAIMS AGAINST THE [DEFENDANT]. (Raised Below).

POINT III

THE [JUDGE'S] ERROR IN DISMISSING THE COMPLAINT WITH PREJUDICE WAS A "PLAIN ERROR," RATHER THAN A MERE "HARMLESS ERROR," AND IT PRODUCED AN UNJUST RESULT THAT MUST BE REVERSED. (Raised Below).

POINT IV

IN THE ALTERNATIVE, IF THE [DEFENDANT] SEEKS AN AFFIRMATIVE RELIEF FOR A DISMISSAL WITH PREJUDICE, IT MUST FIRST MAKE AN APPLICATION BY WAY OF A MOTION

5

FOR SUMMARY JUDGMENT OR MOTION TO DISMISS, RATHER THAN SIMPLY REPLYING ON THE [JUDGE'S] OVERREACH IN ITS RULING FROM THE MOTION FOR RECONSIDERATION.

## I.

We begin by addressing plaintiff's first contention that the judge abused her discretion by granting relief beyond the scope of a motion for reconsideration. We agree and conclude the judge abused her discretion when she failed to limit the scope of defendant's motion for reconsideration to "reconsider its order of May 24, 2019," considered additional arguments advanced in defendant's letter brief, and—without an accompanying motion under Rule 4:6-2(e)—dismissed plaintiff's complaint with prejudice. See Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994) (a trial court's reconsideration decision "will be left undisturbed unless it represents a clear abuse of discretion").

Motions for reconsideration are governed by Rule 4:49-2 which states:

> [A] motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order

A-0602-19T3

sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

It only affords a "reconsideration seeking to alter or amend a judgment or order[.]" Ibid. Filing a motion for reconsideration does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). A motion for reconsideration is reserved for "cases which fall into that narrow corridor" where the prior decision was "based upon a palpably incorrect or irrational basis;" where the court failed to consider or appreciate "probative, competent evidence," or where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application[.]" D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

The only relief sought in defendant's notice of motion for reconsideration was for the trial court to "reconsider its [o]rder of May 24, 2019." The extent of any "new or additional information to the Court's attention" was the alleged failure to serve the motion to restore. Instead of "seeking to alter or amend . . . [the] order," defendant used its reconsideration motion to oppose the motion to restore and sought an entirely new set of affirmative relief in its letter brief. Defendant's substantive arguments fall outside the "narrow corridor" of relief

available by a motion for reconsideration. <u>See</u> <u>ibid.</u> Rather, as defendant explained in its letter brief, "[t]o streamline the matter and avoid additional motion practice, NJM supplemented its motion for reconsideration with arguments that plaintiff had no remaining claims upon which relief could be granted, akin to a <u>R</u>. 4:6-2(e) dismissal application."

Under <u>Rule</u> 4:6-2(e), a party may seek dismissal of the complaint in lieu of filing an answer. The rule states in part that

> [e]very defense, legal or equitable, in law or fact, to a claim for relief in any complaint, counterclaim, cross-claim, or third-party complaint shall be asserted in the answer thereto, except that the following defenses, unless otherwise provided by <u>R</u>. 4:6-3, may at the option of the pleader be made by motion, with briefs:
>
> . . . .
>
> (e) failure to state a claim upon which relief can be granted[.]
>
> . . . .
>
> A motion to dismiss based on defense (e), and any opposition thereto, shall be filed and served in accordance with the time frames set forth in <u>R.</u> 4:46-1. If, on a motion to dismiss based on defense (e), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by <u>R.</u> 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for

A-0602-19T3

> summary judgment and a reasonable opportunity to present all material pertinent to such a motion.
>
> [Ibid.]

While this relief may eventually be appropriate, it was premature here and requires defendant file a motion for such relief as Rule 4:6-2(e) requires. Defendant cannot informally make a motion to dismiss a complaint for failure to state a claim in a brief supporting its motion for reconsideration of a restoration order.

## II.

We also substantially agree with plaintiff's contention that the judge abused her discretion by failing to provide a rational explanation or adequate basis for dismissing plaintiff's claim sua sponte with prejudice. There were no findings or conclusions of law.

An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted). Rule 1:7-4(a) states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Shulas v. Estabrook, 385 N.J. Super. 91,

A-0602-19T3

96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). "The rule requires specific findings of fact and conclusions of law[.]" Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2014). The Supreme Court has expounded on this essential obligation:

> Failure to perform that duty constitutes a disservice to the litigants, the attorneys and the appellate court. Naked conclusions do not satisfy the purpose of [Rule] 1:7–4. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions.
>
> [Curtis v. Finneran, 83 N.J. 563, 569–70 (1980) (citation and internal quotation marks omitted).]

The rule does not indicate any particular method by which a judge must present his or her findings, and we have recognized that such presentation is "vested in the sound discretion of the trial judge." In re Trust Created by Agreement Dated Dec. 20, 1961, 399 N.J. Super. 237, 253 (App. Div. 2006), aff'd, 194 N.J. 276 (2008). "[A] judge may grant or deny a . . . motion for the reasons posited by the parties rather than issue a statement of its grounds, as long as the judge makes such reliance explicit." Id. at 254 (citations and internal quotation marks omitted). This is meant to ensure "that the court makes its own determination of the matter." Ibid. (citations and internal quotation marks omitted). In In re Trust, the court concluded that a trial judge had not erred by adopting the

proposed findings and conclusions submitted in a brief of one of the parties. Id. at 254. The judge "made clear the extent of his agreement with and reliance on [the] proposed findings of fact and conclusions of law," and "supplied a summary of his findings in his oral opinion," which "provide[d] clear evidence that the trial judge carefully considered the evidentiary record and did not abdicate his decision-making responsibility." Ibid.

Here, on the other hand, the judge merely stated that her decision was made "[e]ssentially for the reasons set forth in the moving papers[.]" The judge did not identify which aspects of defendant's arguments she was adopting, make clear the extent of her agreement with and reliance on those arguments, or clearly set forth her reasons for granting the motion for reconsideration and dismissing plaintiff's complaint. Without findings of fact or conclusions of law, this court has no way of knowing why the judge dismissed plaintiff's complaint. Even more problematic is the fact that plaintiff requested oral argument if NJM opposed her motion to restore but the judge allowed NJM to oppose without oral argument. As a result, plaintiff never had her day in court. This is especially troublesome because plaintiff's complaint was dismissed with prejudice and nothing in the orders otherwise precluded plaintiff's right to reinstate the original

11

claims against NJM.  We conclude that the judge abused her discretion by failing to provide findings of fact or conclusions of law, as required by Rule 1:7-4(a).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0602-19T3